# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
TORY D. ALLEN, BAR NO. 12680

No. 80319

**FILED**

APR 23 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Northern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Tory D. Allen. Under the agreement, Allen admitted to violating RPC 1.3 (diligence), RPC 1.15 (safekeeping property), RPC 3.4 (fairness to opposing party and counsel), RPC 8.4 (misconduct), and SCR 78(5) (maintenance of trust funds). He agreed to a 30-month suspension and to comply with certain conditions during the suspension period or until he petitions for reinstatement, whichever is longer. He also agreed to pay the costs of the disciplinary proceedings.

Allen has admitted to the facts and violations as part of his guilty plea agreement. The record therefore establishes that he violated the above-listed rules by knowingly failing to maintain proper records of all funds that he was holding for clients in his trust account; misappropriating $64,651.84 of client funds and converting those funds for personal use; failing to diligently address a probate matter; failing to deposit client funds into his trust account in a divorce matter and failing to properly and promptly distribute those funds to the clients or their creditors; failing to comply with a court order in the divorce matter that directed him to pay

20-15455

community debts with some of the funds he misappropriated; and providing misleading information to the client about payment of the community debt.

The issue for this court is whether the agreed-upon discipline sufficiently protects the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (recognizing that the purpose of attorney discipline is to protect the public, courts, and the legal profession, not to punish the attorney). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Based on the duties Allen violated, and because he acted knowingly and his conduct resulted in injury to his clients and the profession, the baseline sanction before factoring aggravating and mitigating circumstances is disbarment. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.11 ("Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client."). The record supports the panel's findings of two aggravating circumstances (prior disciplinary offenses and pattern of misconduct), and four mitigating circumstances (personal or emotional problems, full and free disclosure to disciplinary authority/cooperative attitude, inexperience in the practice of law, and remorse). We agree with the hearing panel's finding that the misconduct here does not warrant permanent disbarment, especially in light of the mitigating factors, including Allen's emotional and personal problems and his good faith effort to pursue treatment. Thus, based on the factors outlined in *Lerner*, we

conclude that the recommended discipline is appropriate and serves the purpose of attorney discipline.

Accordingly, we hereby suspend attorney Tory D. Allen from the practice of law in Nevada for a period of 30 months commencing from the date of this order. During the suspension period or until he petitions for reinstatement, whichever is longer, Allen must (1) continue treatment with a licensed drug and alcohol counselor and/or mental health provider; (2) attend Alcoholics Anonymous or Alanon meetings at the direction of his counselor or mental health provider, but no less than twice per week; (3) on a quarterly basis, provide a report to the Office of Bar Counsel in accordance with the requirements outlined in the conditional guilty plea agreement. When filing a petition for reinstatement, he must provide proof of payment of no less than 35 percent of the amount owed to the parties from whom he misappropriated funds. Finally, he must pay $2,500 in administrative costs pursuant to SCR 120 and the actual costs of the disciplinary proceeding within 30 days from the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____ , C.J.
Pickering

_____ , J.          _____ , J.
Gibbons                        Hardesty

_____ , J.          _____ , J.
Parraguirre                    Stiglich

_____ , J.          _____ , J.
Cadish                         Silver

cc: Hal Taylor
Chair, Northern Nevada Disciplinary Board
Bar Counsel, State of Nevada
Executive Director, State Bar of Nevada
Admissions Office, U.S. Supreme Court